

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 15, 1962

Honorable Don Kennard, Chairman
Interim Committee on Migrant Labor
4032 Eldridge
Fort Worth, Texas

Opinion No. WW-1448

Re: Whether it is legal under
the provisions of Article
5429f, Vernon's Civil Stat-
utes (the Legislative Re-
organization Act of 1961),
to expend funds for travel
reimbursement of House Mem-
bers who are serving on the
Interim Committee on Migrant
Dear Mr. Kennard:                        Labor.

You have requested the opinion of this office as to
the legality of the payment of travel funds for House Mem-
bers who are serving on the Interim Committee on Migrant
Labor, in view of the provisions of Article 5429f, Vernon's
Civil Statutes (the Legislative Reorganization Act of 1961).

The Interim Committee on Migrant Labor was establish-
ed by House Simple Resolution No. 164 which was passed by the
3rd Called Session of the 57th Legislature. The pertinent pro-
visions of the Resolution establishing the Committee are set
forth below:

"RESOLVED by the House of Representa-
tives of the State of Texas, That there is
hereby created a special Interim Committee
on Migrant Labor with membership as follows:
Five (5) Members of the House of Representa-
tives, to be appointed by the Speaker; and be
it further

"RESOLVED, that the Committee shall hold
public hearings in Austin, Texas, shall study
and consider both interstate and intrastate

aspects of the problems of migratory labor, the co-ordination of agencies' services in the State and between states, and the co-operation between local, state, and national governments; and be it further

" . . .

"RESOLVED, That the Committee shall present its report resulting from the study, together with findings and recommendations, to the Legislature at its next Regular Session; and, be it further

"RESOLVED, That no State funds from any source will be expended on the expense of House Members."

A generally analogous situation was presented and dealt with in Attorney General's Opinion No. WW-1223 (1961). In that opinion it was held that the provisions of Article 5249f prevailed over what could be stated to be the intent of the House in deliberately failing to provide travel expenses for the House Committee on Escheat Laws. The primary principle expressed in Opinion No. WW-1223 was that a resolution could not operate to amend a statute. The situation that obtains in regard to the Interim Committee on Migrant Labor is considerably different.

Quoted below are the provisions of Article 5429f which pertain to the present question:

"Sec. 7. Each House of the Legislature acting individually, or the two Houses acting jointly, shall have full power and authority to provide for the creation of special committees to perform such functions and to exercise such powers and responsibilities as shall be determined in the Resolution creating such committee. During the life of a special committee, it shall have and exercise the same powers and authority as are herein granted to standing committees, subject to such limitations as may be imposed in the Resolution creating such special committee, and shall have such other and additional powers and authority as may be delegated to it by the Resolution creating the committee, subject to the limitations of law. /Emphasis supplied./

"  .  .  .

"Sec. 20.   Members of all committees of either House of the Legislature, or the Joint Committees of the two Houses, shall be reimbursed for their actual and necessary expenses incurred while engaged in the work of the Committee and while traveling between their places of residence and the places where meetings of such Committees are held. Such reimbursement to members of the Committee shall be authorized only when the Legislature is not in session, unless otherwise directed by the House of the Legislature creating such Committee.  All such expenses of the Committee and its members shall be paid from the appropriation for mileage and per diem and the contingent expenses of the Legislature.  All such expenses shall be approved by the Chairman of the Committee and by the presiding officer of the respective House, before payment shall be authorized."

It would seem clear that, pursuant to Section 7, the Interim Committee could have only the powers and authority granted by the House.  The Committee is subject to any and all limitations that may be imposed in the Resolution creating such special committee.  Thus, we must say that it is within the power of the House to create a committee that would not have authority to incur expenses.  The statute clearly authorizes the imposition of many limitations upon an interim committee.  The House has seen fit to impose a limitation regarding expense accounts upon the Members of this Committee.  Section 20 does not mean that all committees must always receive expense accounts.  Had the House not expressly forbade the collection of expense accounts, then the terms of Opinion No. WW-1223 would have controlled.  Here, in the particular Interim Committee Resolution involved, we have an express refusal to permit payment of expense funds.  It is well within the authority of the House to create such a committee.

## SUMMARY

House Members who serve on the Interim Committee on Migrant Labor, created pursuant to House Simple Resolution No. 164, 57th Legislature, may not receive State funds for travel reimbursement.  House

Simple Resolution No. 164 expressly forbids the payment of such funds, and Sections 7 and 20 of Article 5429f, V.C.S., permit the House to include such an exclusion in the Resolution authorizing an interim committee.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
Howard W. Mays, Chairman

Bill Allen
Scranton Jones
Robert T. Lewis

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore